## Case No. 14,825.

UNITED STATES v. COGSWELL.

[3 Sumn. 204.][1]

Circuit Court, D. New Hampshire. May Term, 1838.

MARSHAL—ACCOUNT—FEES—TRAVEL—INTEREST—RENT.

1. In an account of the marshal for the district of New Hampshire against the United States, an item of two dollars was allowed for the service of each venire on the town clerks; also, an item for rent paid for an office, for the clerk of the courts of the United States; with interest on both these items. The court disallowed certain items, being the expenses incurred by the marshal, for the purpose of establishing and settling his accounts with the government; also, a charge for constructive travel and attendance at the monthly rules, held in the clerk's office.

2. Quære, how it would be, where the marshal actually travelled and attended at the rules.

[Cited in U. S. v. Smith, Case No. 16,346; U. S. v. Richardson, 28 Fed. 72; Harmon v. U. S., 43 Fed. 565; Re Lyman, 55 Fed. 35; U. S. v. Harmon, 147 U. S. 268, 13 Sup. Ct. 331.]

Debt on the official bond of the defendant, Pearson Cogswell, late marshal of New Hampshire. The defendant prayed oyer of the condition of the bond, which latter was as follows:—"The condition of the above-written obligation is such, that, whereas the above-bounden Pearson Cogswell is appointed marshal of the United States, within and for the district of New Hampshire, for the term of four years, from and after the fifteenth day of March, eighteen hundred and thirty-two. Now if the said Cogswell shall well and truly, faithfully and impartially, ex-

---

[1] [Reported by Charles Sumner, Esq.]

ecute the duties of the said office. so that the United States, or any person, shall not come to any damage on account of the proceedings of the said Cogswell, in his said official capacity, as marshal, then the above-written obligation to be void, otherwise to remain in full force." The defendant then pleaded, that he ought not to be charged, &c., because. he says, "That at the time of the commencement of this action, there was due and owing, from the said Cogswell, to the plaintiff, by virtue of said writing obligatory, according to the decision of the accounting officers of the treasury of the United States, aforesaid, the sum of five hundred sixty dollars and fifty-seven cents, and no more, and that the said United States, at the commencement of this action, was and still is indebted to the said Cogswell, in a much larger sum of money, than the money so due and owing from the said Cogswell, to the said United States, by virtue of the said writing obligatory, and the condition thereof, to wit, in the sum of four thousand one hundred forty-eight dollars twenty cents, for services done and performed by him, the said Cogswell, in his said office of marshal as aforesaid, to and for the said United States, and for moneys paid, laid out and expended by him, the said Cogswell, to and for the said United States, by the request, order and direction of the said United States, or the proper officers thereof, to wit, at Portsmouth aforesaid, on the day last aforesaid, out of which said sum of four thousand one hundred forty-eight dollars and twenty cents, the said Cogswell is ready and willing, and hereby offers to set off and allow to the plaintiff, so much money as will be sufficient to satisfy all the money due by virtue of the said writing obligatory, and condition, and all damages sustained by occasion of detaining the same." To this plea, the United States by their attorney, replied, that they ought not to be precluded from having and maintaining their action against the said Cogswell, because they were not nor are indebted to the said Cogswell, in manner and form as he hath alleged. And upon this replication, issue was joined.

At the trial, the only questions which arose were upon the set-off claimed by the defendant, a particular account of the items whereof was filed in the cause, and was laid before the jury. (1) One item was for the service of sundry venires on the town clerks of the several towns, from which the marshal (the defendant) was, by the grand venires (so called) directed to him by the circuit court, from time to time required to cause the grand and petit jurymen to be drawn from the jury-boxes of those towns, to attend the circuit courts. (2) Another item was for the travel and attendance of the defendant. as marshal, at the monthly rules. held in the clerk's office. (3) Another. was the payment of office rent, for the use of an office for the clerk of the district and circuit court. (4)

Another item was for the expenses of certain copies of papers from the clerk's office, as vouchers, to enable the defendant to settle his accounts at the treasury in Washington. (5) Another item was his, the defendant's, expenses to Washington, to settle his accounts at the treasury. On all these items the defendant claimed interest. from the time when they respectively became due. All these claims were presented to, and rejected by, the treasury department.

Mr. Hale, U. S. Dist. Atty.
E. Cutts, for defendant.

STORY, Circuit Justice. The first item depends upon the construction of the first section of the act of 1799, c. 125. § 1 [1 Story's Laws, 569; 1 Stat. 624, c. 19], by which it is provided, that the compensation of the marshals of the districts of the United States shall (among other things) be, "for summoning each grand and other jury, four dollars; provided. that in no case shall the fees for summoning jurors to any one court exceed fifty dollars; and in those states where jurors, by the laws of the state, are drawn by constables. or other officers of corporate towns or places. by lot, the marshal shall receive, for the use of the officers, employed in summoning the jurors, and returning the venire, the sum of two dollars, and for his own trouble, in distributing the venire, two dollars." Now. the latter part of this proviso, applies directly to the mode of drawing jurors in the district of New Hampshire. according by the act of congress, of May 13, 1800, c. 61 [1 Story's Laws. 792; 2 Stat. 82]. By the state laws, jurors are to be drawn from the jury boxes of the town by lot, at a meeting to be called for that purpose, in the presence of the official functionaries of the town. The respective venires for jurors from each town, are to be served on the town clerk. And by the practice of the courts of the United States, a grand or general venire, is addressed to the marshal. to serve the proper subordinate venires on the respective clerks of the towns. The item. now claimed by the defendant. and controverted by the United States, is for the service of these venires on the town clerks. Upon this statement, it seems difficult to find any real ground for controversy. The statute seems to us to provide directly for the very case; and, therefore. we are of opinion. that the claim ought to be allowed.

The next item. is for rent paid for an office for the clerk of the courts of the United States. This seems to us. a just charge against the United States, as an incidental expenditure, connected with the holding of the courts of the United States, and the due administration of justice.

The next item. is for travel and attendance at the monthly rules. held in the clerk's office, under the rules of the supreme court of

the United States, passed at February term. 1822. It is admitted, that the defendant, as marshal. did not, in fact. either travel to, or attend these rules at the clerk's office; and. therefore, his claim is for a constructive right, or a constructive travel and attendance, at the rules. But, we are of opinion. that this charge, whatever might be its validity, if the marshal had actually travelled and. attended at these rules is, under the circumstances, wholly inadmissible. To justify the charge, an actual travel and attendance are, in our judgment. indispensable.

The remaining items require no commentary. They are the mere personal expenses of the marshal, incurred by him for the purpose of establishing and settling his accounts against . the government. They may. for aught we know, constitute a very sound claim upon the abstract justice and equity of the government. but they are not such as can be taken notice of, or enforced, by courts of justice.

Of course. upon these items, which are allowed by the court, the defendant has a fair title to interest. This, indeed, is not objected to on the part of the government.

Upon this intimation of the opinion of the court. a verdict was taken for the defendant. subject to the final audit of the account, upon a reference to the clerk of the court, as an auditor.