HowRY, J.,
delivered the .opinion of the court:
Plaintiff was clerk of the District and Circuit Courts for Kentucky from January 28,1893, to June 30,1896, at Frankfort, and brought this action to recover for services as such clerk.
The defense is the statute of limitations as to certain per diems earned more than six years prior to the time of the filing of the complaint.
The petition was filed January 20, 1899. But it appears that the auditing officers had allowed and paid the per diems for attendance on court for twenty days previous to November 15, 1892. Upon learning that the judges were not present on said days (although the record showed that thejr were) the Treasury Department recharged the per diems to plaintiff and kept them out of an account rendered for services performed from January 1 to Juno 30, 1893. This recharge was made about the 1st of July, 1893. It is now contended that the statute of limitations fixed by section 1069 of the Revised Statutes commenced to run at the date of the performance of the per diem services, and in support of this contention it is argued that plaintiff was neither obliged to present his account to the court for approval nor under obligation to send it to the Treasury for audit before beginning an action under the law as it existed at that time, and that the running of the statute can not be postponed through any action taken by the accounting officers.
The case is one of set-off; that is, one of right on the part of the Government to set off its claim for the amount of the per diems earned previous to November 15, 1892 (and subsequently paid), against that much of plaintiff’s account for serv *524 ices rendered within six years preceding the commencement of the action.
The demand of the Government being in the nature of counterclaim the case must be considered as one involving the assertion of a counterclaim rather than one of defense under the statute of limitations. That defense is without application, because the plaintiff was paid the fees on account of his previously earned per diem services, which, by the recharge of the subsequent account, the Government seeks to disallow and improperly withhold. The defendants can not diminish the amount of plaintiff’s dues by recharging and disallowing the foes already paid and at the same time invoke the statute of limitations to plaintiff’s original demand by reason of the recharge.
The per diems set forth in the accounts are correct. They are recoverable as business transacted by the clerk under orders of the judge, although the judge was not personally present in court a part of the time. Finnell v. United States, 36 C. Cls. R., 596; United States v. Finnell, 185 U. S. R., 236.
Judgment in the sum of $395 will be entered for plaintiff.
Nott, Ch. J., was not present when this case was decided, and took no part in the decision.,