UNITED STATES v. MILITARY CONST. CO.

(District Court, W. D. Missouri. April 3, 1913.)

No. 3,831.

INTERNAL REVENUE (§ 25*)—CORPORATION TAX ACT—RETURN—DUTY TO MAKE.
    Act Cong. Aug. 5, 1909, c. 6, § 38, 36 Stat. 112 (U. S. Comp. St. Supp. 1911, p. 946), imposes an excise tax on all corporations with certain exceptions, earning an annual net profit in excess of $5,000, and requires the officers of every such corporation to file a return on or before the first day of March in each year. *Held*, that all corporations of the kinds specified in the act as subject to the tax were bound to file returns, though their net profits were not sufficient to render them liable to the tax.

    [Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 72, 73 : Dec. Dig. § 25.*]

Action by the United States against the Military Construction Company. Judgment for plaintiff.

Hugh C. Smith, of Kansas City, Mo., Asst. U. S. Atty.

Ben R. Estill and George H. English, Jr., both of Kansas City, Mo., for defendant.

VAN VALKENBURGH, District Judge. The United States, through the district attorney at the instance of the commissioner of

internal revenue brought suit against the defendant to recover penalty for failure to make return under paragraph 3 of section 38 of the act of Congress approved August 5, 1909, providing for a special excise tax on the business of corporations. The defendant answered that its entire net annual income is less than $5,000, and in consequence thereof that it is not subject to such corporation tax, and was not required to make a return to the collector of internal revenue. To this answer the government demurred.

My attention has been called to an opinion of the honorable Solicitor General rendered August 7, 1911, in which he reached the conclusion that all corporations, joint-stock companies, or associations organized for profit and having a capital stock represented by shares, as defined in the act, are subject to this excise tax, and therefore required to make the return provided in the third paragraph of the section. I think his reasoning convincing and his conclusion sound.

By section 38, 36 Stat. p. 112 (U. S. Comp. St. Supp. 1911, p. 946), it is provided:

"That every corporation, joint-stock company, or association, organized for profit and having a capital stock represented by shares, and every insurance company, now or hereafter organized under the laws of the United States or of any state or territory of the United States or under the acts of Congress applicable to Alaska or the District of Columbia, or now or hereafter organized under the laws of any foreign country and engaged in business in any state or territory of the United States or in Alaska or in the District of Columbia, shall be subject to pay annually a special excise tax with respect to the carrying on or doing business by such corporation, joint-stock company or association, or insurance company equivalent to one per centum upon the entire net income over and above five thousand dollars received by it from all sources during such year," exclusive of certain receipts then specified.

The same section in a proviso then excepts certain other classes of corporations and organizations from the operation of that section; that is to say, expressly provides that such excepted classes shall not be subject to the tax.

The income tax law of 1894 (Act Aug. 27, 1894, c. 349, § 27, 28 Stat. 553 [U. S. Comp. St. 1901, p. 2260]) explicitly requires returns from all business corporations, whether or not they had any net incomes during the year. Manifestly corporations which had no net incomes could not be required to pay an income tax. Nevertheless, the law expressly required a return. This is instructive and pertinent only in so far as it indicates the policy and practice of requiring returns from all corporations of a class subject to the tax, whether or not for any particular year they were bound for any amount of tax. Section 27 of the War Revenue Law of June 13, 1898 (chapter 448, 30 Stat. 464 [U. S. Comp. St. 1901, p. 2306]), provided:

"That every person, firm, corporation, or company carrying on or doing the business of refining petroleum, or refining sugar, or owning or controlling any pipe line for transporting oil or other products, *whose gross annual receipts exceed two hundred and fifty thousand dollars*, shall be *subject* to pay annually a special excise tax equivalent to one-quarter of one per centum on the gross amount of all receipts of such persons, firms, corporations, and companies in their respective business in excess of said sum of two hundred and fifty thousand dollars.

"And a true and accurate return of the amount of gross receipts as aforesaid shall be made and rendered monthly by each of such associations, corporations, companies, or persons to the collector of the district in which any such association, corporation, or company may be located, or in which such person has his place of business."

Here it will be seen that the limitation that the gross annual receipts should exceed $250,000 is expressly made a part of the description of the corporation made subject to the tax. It would seem, therefore, that under that law corporations whose gross annual receipts did not exceed $250,000 were specifically excluded, and were not required to make the return provided for. Nevertheless the Treasury Department construed that law to require returns from all who were engaged in the designated business. In its circular of July 7, 1899, directing when and by whom returns should be made, it said:

"The foregoing instructions will also apply to all such persons, firms, corporations, and companies where the gross receipts, during the period for which the return required by law is made, do not exceed the $250,000 specially exempted from tax."

Of this the Solicitor General says:

"This usage of the government requiring all those engaged in the designated business as being subject to the tax, to make returns, even though the volume of business was not large enough to make them liable for any amount of tax, was no doubt in the mind of Congress when enacting the law of 1909, and should be considered in construing that law."

The Treasury Department has construed the present law to mean that all corporations organized for profit, and having a capital stock represented by shares, must make this return, irrespective of whether or not their entire net annual income is over and above $5,000. So that for a period of 18 years legislation of this nature has been thus construed by the department charged with its administration. If this interpretation by the department is not obviously or clearly wrong, but is fairly supported by the language employed, the action during many years of the department charged with the execution of the statute should be respected, and not overruled except for cogent reasons. United States v. Finnell, 185 U. S. 236, 22 Sup. Ct. 633, 46 L. Ed. 890. Furthermore, as has been said, it may well be that this construction was in the mind of Congress when this legislation was enacted.

It will be observed that in the present act the amount of the net annual income is not made an integral part of the description of the class of corporations, joint-stock companies, or associations made subject to the tax. Their essential characteristics are that they shall be organized for profit, and have a capital stock represented by shares, and that they shall be actually engaged in carrying on or doing business. The classification does not include those specifically exempted in the proviso, nor corporations generally not organized for profit, and not doing business in that sense. This interpretation, that it is its inherent nature and not its income that stamps the cor-

poration designated as subject to the tax, is supported by the decision of the Supreme Court in Flint v. Stone Tracy Company, 220 U. S. 107–144 et seq., 31 Sup. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312, and is further suggested by other provisions of the act. The return required is a somewhat complicated one.  It consists of eight sections, the proper interpretation of which controls the determination of what the net income may be.  This is a matter for the exercise of the official judgment and discretion of the Revenue Department; in order that it may exercise such judgment and discretion, it must have the facts before it.  The officers of the corporation and those of the Revenue Department may differ as to the ultimate effect of such facts.  The Solicitor General in his opinion well said:

"As well permit the corporation to determine for itself how much tax it is liable for as permit it to so determine whether it is liable for any amount. The law in every respect is to be administered by the officers of the law, and not by those who are subject to it.  Efficiency of administration would be difficult, and even impossible, if the corporations could determine, each for itself, whether or not they were liable for any amount of tax, and make or withhold returns accordingly."

Furthermore, if the obligation to make a return depends upon the amount of net annual income, and lies within the discretion of the corporation itself, then by reason of fluctuation in business affairs the same corporation might deem itself charged with the duty of making a return in one year and absolved from that duty in another year according to conditions.  This would lead to endless confusion.  Nor can it be successfully urged that corporations whose incomes are consistently small should be excused.  The law, to be effective, must be uniform.

It must not be forgotten that the revenues of the government are its life blood; without them it cannot exist.  Taxes are imposed in large measure with reference to estimated needs; and the collection of such taxes must be effective and thorough, in order that the estimated revenue may not fall short of known requirements.  For these reasons, such statutes are construed with greater strictness in favor of the revenues.

The duty of making these returns is one comparatively light to each corporation subject to the tax, and may easily and readily be provided for as a regular part of its business system.  In the aggregate the burden thrown upon the collecting department of the government is a heavy one, and should not be increased by imposing upon it the added necessity of initiative in the discovery of delinquents.  Its labors in that regard will be great enough if those subject to the tax are held to the full measure of duty contemplated by the law.  If it were left to each corporation to determine whether it need make the return provided for, there can be little doubt that the number of delinquents would be largely increased.  It would follow, either that an added burden of investigation would be cast upon the Revenue Department, or that the revenues would be greatly diminished.  The court should not lean to a construction which would contribute to either result.  If the present law is deficient, or unduly harsh in its

terms, it should be so amended as to enable its administration to meet the requirements of justice and the necessities of particular cases.

For the foregoing reasons, the demurrer to the answer will be sustained.