**UNITED STATES et al. v. CONKLIN.**

Circuit Court of Appeals, Ninth Circuit.
June 18, 1928.

No. 5412.

Army and navy ⊚➡51½—Amendment of War Risk Insurance Act as to beneficiary became part of insurance contract, under its terms and the resolutions, so that divorced wife could take under restored lapsed insurance (Comp. St. § 514uuu, 514vv(9)).

Amendment of War Risk Insurance Act by Act Aug. 9, 1921, §§ 23, 27 (Comp. St. §§ 514uuu, 514vv(9), authorizing and directing restoring in certain cases of policy which insured allowed to lapse for nonpayment of dues, and which was not reinstated during his life, and directing the bureau to pay the insurance to the beneficiary, and providing that the payments should be made to the designated beneficiary at the time of maturity of the insurance, where she was, at the time of designation by insured, within the permitted class of beneficiaries, though her status has been changed, though not in terms retroactive, became part of contract of insurance by virtue of provision of the contract that it was made subject to all amendments of the act of 1917 (Comp. St. § 514 et seq.), and all regulations then in force or thereafter adopted, so that insured's wife, being designated as beneficiary, though afterwards divorced, was entitled to the insurance, there having been no change in designation of beneficiary.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

Suit by Lottie C. Conklin, administratrix of George Heizman, deceased, against the United States and Sadie Mae Deavenport, formerly and sometimes known as Sadie Mae Moore, Sadie Mae Heizman, and Sadie Mae Davenport. From a decree for plaintiff (21 F.[2d] 141), defendants appeal. Reversed, with directions.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., and Lawrence A. Lawlor, U. S. Veterans' Bureau, of Washington, D. C. (James O'C. Roberts, Acting Gen. Counsel, U. S. Veterans' Bureau, and James T. Brady, Atty. U. S. Veterans' Bureau, both of Washington, D. C., of counsel), for the United States.

Kenneth C. Gillis and Gillis & Edwards, both of Oakland, Cal., for appellant Deavenport.

Alvin Gerlack, of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. George Heizman enlisted in the United States Army May 5, 1918, and on the following day applied for war risk insurance in the sum of $10,000. July 16, 1918, his wife, Sadie Mae Heizman, was designated as beneficiary under the policy. The premium due November 1, 1919, was not paid, and the policy lapsed one month later. October 7, 1920, the Heizmans were divorced by decree of the district court of Montgomery county, Kansas, at the suit of the wife, and on November 2, 1920, George Heizman died. The government states in its brief that the insurance lapsed and was not in force at the time of the death of the insured, nor until restored under section 27 of the Act of August 9, 1921, 42 Stat. 156, which contains the following proviso:

"That where any soldier has heretofore allowed his insurance to lapse, while suffering from wounds or diseases suffered or contracted in line of service, and was at the time he allowed his said policy to lapse entitled to compensation on account thereof in a sum equal to or in excess of the amount due from him in premiums on his said insurance, and has since died from said wounds or diseases without collecting or making claim for said compensation, or being allowed to reinstate his said policy on account of his physical condition, then and in that event said policy shall not be considered as lapsed, and the Veterans' Bureau is hereby authorized and directed to pay to the beneficiaries of said soldier under said policy the amount of said insurance less the premiums and interest thereon at 5 per centum per annum compounded annually in installments as provided by law." Comp. St. § 514vv(9).

Counsel for the plaintiff below insists that this statement on the part of the government is not supported by the record, and this is in a large measure true; but the complaint averred that the insurance lapsed on the 1st day of December, 1919, for failure to pay the premium due November 1, 1919, and that the policy was reinstated October 13, 1920, and the answer admitted that the policy lapsed as alleged in the complaint, but denied the reinstatement. No competent proof was offered in support of the allegation that the policy was reinstated, so that, if the policy was in force at all, it was only by virtue of the admissions contained in the answer and in the brief filed by the government.

The Attorney General, on June 21, 1920, ruled that relationship by marriage is terminated by death or divorce, if there is no issue surviving. 32 Opinions of Atty. Gen.

p. 254. Because of this opinion there was inserted in the amendment of August 9, 1921, supra, subsection 402 (a), providing:

"Where a beneficiary at the time of designation by the insured is within the permitted class of beneficiaries and is the designated beneficiary at the time of the maturity of the insurance because of the death of the insured, such beneficiary shall be deemed to be within the permitted class even though the status of such beneficiary shall have been changed." Comp. St. § 514uuu(a).

Relying on this provision, the Veterans' Bureau paid the insurance as the installments became due to the former wife of the deceased soldier. The present suit was instituted by a sister of the deceased, claiming that she, and not the divorced wife, was the rightful beneficiary under the policy. From a decree in favor of the sister, the United States and the divorced wife have appealed.

The policy, or certificate of insurance, does not appear in the record; but it is conceded that it contained the usual provision that the contract of insurance was made up of and subject in all respects to the provisions of the Act of October 6, 1917, and all amendments thereto (Comp. St. § 514 et seq.) and all regulations then in force or thereafter to be adopted. The appellee likewise concedes that Congress had power to remove the disability incurred by the wife, through obtaining the divorce, if it saw fit to do so; but it is earnestly insisted that the amendment removing the disability has no application to the present case, because the insured died before the enactment of the amendment, and the amendment was not in terms made retroactive. The government, on the other hand, contends that the amendment became a part of the contract of insurance by virtue of the regulations and the terms of the contract itself, whether the amendment was made retroactive or not, and such is the view of the Bureau, charged with the administration and execution of the law.

Section 13 of the Act of December 24, 1919, 41 Stat. 375 (Comp. St. § 514uuu¾), enlarging the class of permitted beneficiaries, so as to include uncles and others, has been before the courts for construction on a number of occasions, and it has been uniformly held that that amendment applied where the insured died prior to its enactment. Cassarello v. United States (D. C.) 271 F. 486; same case (C. C. A.) 279 F. 396; Gilman Heirs v. United States (D. C.) 290 F. 614; Helmholz v. Horst (C. C. A.) 294 F. 417; White v. United States, 270 U. S. 175, 46 S. Ct. 274, 70 L. Ed. 530. It is true the

amendment involved in these cases provided in terms that it should be effective as of October 6, 1917, but the several courts seem to have attributed no particular importance to that fact. All of the decisions seem to be based upon the broad ground that the amendment became a part of the contract of insurance by virtue of the regulations and the terms of the contract. Thus, in White v. United States, supra, after quoting the terms of the contract, Mr. Justice Holmes said:

"These words must be taken to embrace changes in the law no less than changes in the regulations. The form was established by the Director with the approval of the Secretary of the Treasury and on the authority of article 1, § 1 [Comp. St. § 514a], and article 4, § 402, of the act [Comp. St. § 514uuu], which, we have no doubt, authorized it. The language is very broad and does not need precise discussion when the nature of the plan is remembered."

Indeed, it would seem to be the purpose of the regulations to make future legislation a part of the contract of insurance, whether Congress made such legislation retroactive or not.

Our attention has been directed to two other sections of the act of 1921, which are made effective as of October 6, 1917, and it is argued from this that, if Congress intended the provision removing the disqualification of certain beneficiaries to be retroactive, it would have so provided. But there was a special reason for making at least one of the other provisions retroactive, because the section conferred benefits upon the soldier or his dependents from a date earlier than the date of the passage of the act, and there was a necessity for making the provision retroactive in some form to accomplish that result. Speaking generally, there would seem to be objection to making a provision, changing beneficiaries after the maturity of the policy, retroactive, because it would give to the newly designated beneficiary at least color of right to claim payments lawfully made to another.

In the case now before the court, the policy lapsed for nonpayment of premiums nearly a year before the death of the insured and was not reinstated during his lifetime. But, notwithstanding the policy had thus lapsed, by section 27 of the act of 1921, the Veterans' Bureau was authorized and directed to pay the insurance to the beneficiary in certain specified cases, and another section of the same act provided that the payments should be made to the designated beneficiary at the time of the maturity of the

insurance, even though the status of such beneficiary shall have been changed. Under such circumstances, we are by no means prepared to say that the Bureau erred in making payments to the divorced wife. "Furthermore, the construction placed on a doubtful portion of a statute by the Bureau charged with its execution is entitled to great weight and should not be lightly disregarded. U. S. v. Finnell, 185 U. S. 236, 244, 22 S. Ct. 633, 46 L. Ed. 890; Heath v. Wallace, 138 U. S. 573, 11 S. Ct. 380, 34 L. Ed. 1053; United States v. T. F. A., 166 U. S. 290, 17 S. Ct. 540, 41 L. Ed. 1007; Pennell v. P. & R., 231 U. S. 675, 34 S. Ct. 220, 58 L. Ed. 430." Cassarello v. United States (D. C.) 271 F. 486–492.

There is an allegation in the complaint that the insured changed the beneficiary during his lifetime, but this, like the allegation that the insurance was reinstated, is not supported by the testimony.

The decree of the court below is reversed, with directions to dismiss the bill of complaint.