AteiNSON, J.,
delivered the opinion of the court:
The theory of the defendants in this case, as set forth in the argument of counsel, is that bankruptcy proceedings may be heard by the judges having jurisdiction “in vacation in chambers,” and therefore it is unnecessary to open court for the purpose of entering orders and decrees or hearing and determining any of the proceedings in such cases; hence it was unnecessary and improper for the clerk to enter an order formally opening the court for the purpose of entering such orders, writs, or decrees. It is also contended that the theory of the Supreme Court in the case of Finnell v. The United States (185 U. S., 236), which must determine the controversy in the case at bar, is that the court was open, by virtue of sections 574 and 638, Revised Statutes, for the transaction of certain business (chancery and admiralty), and that the orders, writs, and decrees entered by Finnell were of such a nature that they could not properly be granted or ordered except in open court. Therefore the Supreme Court intended to hold that the court of which Finnell was clerk was “ actually in session ” within the meaning of paragraph 8, section 828, Revised Statutes, and that no such reasoning or logic, he maintains, can be applied to the case at bar, for the manifest reason that the business transacted on the 337 days for which a per diem is charged in bankrupt *72 cases did not constitute business which must be done in “ open court.”
No question is made but that such business, might have been done in open court, but, as a matter of fact, as appears from the deposition of the claimant, the judge was. sitting in chambers on those days and the business was done in chambers. In other words, the court was not open for any other purpose, either actually or constructively, and since it was not necessary that it should be open constructively for the transaction of bankruptcy business the clerk should not, de-' fondants insist, be compensated for attendance. We can not, however, agree with this construction of the statutes involved.
The per diems claimed in the case before us are not for attendance in court under sections '583, 584, 671, 672, and 2013, Revised Statutes, but for attendance in court under section 574, Revised Statutes, which provides that the District Court for the transaction of certain admiralty and equity business shall be deemed always open. The business transacted in court on the days here claimed for attendance was bankruptcy business, which was authorized by section 2 of the bankrupt act (30 Stat. L., 545), as follows':
“ That the courts of bankruptcy as hereinbefore defined, viz, the District Courts of the United States in the several States, the Supreme Court of the District of Columbia, the District Courts of the several Territories, and the United States Courts in the Indian Territory and the district of Alaska are hereby made courts of bankruptcy, and are hereby invested, within their respective Territorial limits as now established or as they may be. hereafter changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, in vacation in chambers, and during their respective terms as they are now or may be hereafter held to adjudge persons bankrupt.”
This section amends section 574 of the Revised Statutes by giving the District Court jurisdiction over bankruptcy business as a court of equity, and when such business is transacted in the District Court it shall be deemed always open, as provided by section 574 of the Revised Statutes.
It is plainly evident, therefore, that this law effectively authorizes a judge to transact business in vacation and in *73 chambers and during regular terms of court, as provided for by sections 574 and 638, Revised Statutes, for admiralty cases the same as in general equity proceedings. Moreover, the findings show that the court was open during all the days for which per diems are claimed, and that the sessions or- terms of the coxirt had not been formally closed by the court’s orders. In other words, the terms of the court were open during all'the time covered by the account of the clerk, for payment of which suit was instituted in this case.
In construing the scope of this section where a similar question was involved, the Supreme Court in the Finnell ease (supra) decided as follows:
“As will be seen from those sections (574 and 638), the District and Circuit Courts of the United States ar s'always open for the transaction of certain hinds of business, which, we think, may be transacted under the orders of the judge who may at the time be absent from the place, room, or building in which the court is held. The business transacted by the appellee was such as could be transacted by the clerk under the orders of the judge. It is too narroio an interpretation of the statutes to hold that such business was not actually transacted in court.”
The court in the same case, in alluding to the acts of August 1.4, 1886, chapter 902, and March 3, 1887, chapter 362, further says:
“ It is clear that the words used [in those acts], reasonably interpreted, indicate a purpose to allow the per diem compensation for attendance as well when the court was oj)ened for business, whether any business was actually transacted or not, as when business was actually transacted in court. It is said that no business could be lawfully transacted ‘ in court’ unless the judge was personally present. We do not assent to that view. It rests upon a construction which is too liberal,” etc.
There is no ambiguity in this language. Inasmuch as a judge was present when the charges were made for per diems in the case at bar, bankruptcy cases being placed upon the-same footing with regular chancery and admiralty business, the case before us is very much stronger than the Finnell case.
The clerk’s per diems in the case before us are specifically *74 claimed under the provisions of tlie act of March 3, 1887 (24 Stat. L., 541), which provides that no per diem shall be allowed to a clerk or marshal “ except for days when the court is open by the judge for business, or business is actually transacted in court; ” and they are also claimed under section 574, Revised Statutes, for business transacted under section 2 of the bankruptcy act, which authorizes the hearing of cases in bankruptcy in vacation, in chambers, and during regular terms of court, in the same manner as in equity and admiralty cases. If a per diem can be allowed in equity and admiralty cases when a judge is not present, the court being open at all times for such purposes, it seems clear to us that it should likewise be allowed in a bankruptcy court, which is also an always open forum, whether the judge is personally present or not. If the court were open in one case, it must of necessity be open in the other, because the law in terms is the same in both cases.
The case of Butler v. United States (87 Fed. Rep., 635, 655), although it was a suit for per diem pay of a clerk in chancery and admiralty proceedings, sustains the contention of the claimant in the case at bar, because the opinion places bankruptcy business upon the same footing with chancery and admiralty cases. Judge Baker, in rendering the opinion of the court, says: ‘
“ Chancery, admiralty, and bankruptcy courts are in session during these regular and special terms, and they also sit, and therefore are in session whenever and wherever the judicial business which is described in sections 574, 638, and 4973 of the Revised Statutes, and in section 16, act February 4,1887, is actually transacted by one or more of the judges of these courts. In all of these cases, when a court is in session during a regular or special term, or when it is in session by reason of the transaction of business under the sections aforesaid, it is equally] necessary that its clerk should be in attendance upon it, with its records at the place where the records are kept by him, to receive the orders, decrees, and rules of the court and its instructions concerning them. If no business were transacted at a regular or special term, his attendance would be necessary; and it is always necessary when business is transacted in or by the. court.”
*75 In the case of the United States v. Pitman (147 U. S. R., 669) the court held that:
“After the term of a court has been tegularly opened upon the day provided by law, the question how long it shall re-, main open, to what day it shall be adjourned, and whether and how often it shall be opened for incidental business after the regular business of the term has been concluded, is a matter which rests in the discretion of the presiding judge.”
In the case at bar the court was opened and held during the term on the dates for which the per diems were claimed, business was transacted in court, and the clerk ivas in actual attendance on said court; the accounts of claimant containing the per diems in controversy were presented in open court with the district judge presiding, in the presence of the district attorney, who represented the Government, and with his consent; orders were duly made approving said accounts as being just and according to law, and the same were entered of record.
In United States v. Jones (134 U. S. R., 483) the Supreme Court held that “ the approval of a commissioner’s account by a circuit court of the United States under the act of February 22, 1875 (18 Stat. L., 333), was prima facie evidence of the correctness of the items of said account, and in the absence of clear and unequivocal proof of mistake on the part of the court it should be conclusive.”
This doctrine was affirmed in United States v. Nix (189 U. S. R., 206), where the court said:
“ We adhere to that view. Tt would be an insupportable burden upon the officers of courts if, every time a question was made before the accounting officers of the Treasury of the correctness of their accounts, they were required to produce affirmative evidence of every item. This was evidently not contemplated by the statute.”
The claimant’s motion for new trial is allowed, and the findings of fact and conclusion of law heretofore filed are withdrawn; new findings of fact and conclusion of law are now filed, and judgment will be entered in the sum of three thousand three hundred and ninety dollars ($3,390) in favor of the claimant.