Atkinson, J.,
delivered the opinion of the court:
The claimant in this case is clerk of the United States District Court for the Southern District of New York, having been appointed to said office July 19, 1901. He was also appointed a United States commissioner of said court July 1, 1897, and on or about January 1, 1902, he was appointed a special commissioner by the judge of said court to take proof of applicants who desired to become citizens of the United States preliminary to making formal application for *393 such purpose in said court. From January 1,1902, to December 31, 1906, he received in fees as special commissioner, at the rate of $1 each from said applicants, the sum of $5,-369.25, which amount was charged against him in his emolument returns as clerk, his salary as clerk being limited to $3,500 per annum by section 839 of the Devised Statutes; and inasmuch as the regular fees of his office as clerk of said court exceeded the limit of $3,500 per year, independent of the fees received by him as special commissioner, he brings this suit to recover $5,369.25 for fees as said special commissioner, which were earned, he maintains, wholly outside of his office as clerk of said court.
No law of the United States authorizes the appointment of special commissioners in naturalization cases. Section 828 of the Revised Statutes provides, in general terms, the fees to be allowed to clerks of United States courts. Section 833 provides when and in what manner clerks of United States courts shall make returns of the fees and emoluments of their offices. Section 839 fixes the maximum amounts clerks shall be allowed to retain from the fees and emoluments of their offices; and section 844 provides for the payment of any surplus above $3,500 per annum received by them, as fees and emoluments of their offices, to the Treasurer of the United States. That is to say, if a clerk of a United States court shall receive a greater amount of fees in any year than $3,500, as provided in section 839, he shall cover said surplus into the Treasury of the United States.
The act of June 28, 1902 (32 Stat. L., 475, 476), is in the following language: “ That each clerk of the district and circuit courts shall, on the first days of January and July of each year, or within thirty days thereafter, make to the Attorney-General, in such form as he may prescribe, written returns for the half year ending on said days, respectively, of all fees and emoluments of his office of every name and character, and of all necessary expenses of his office, including necessary clerk hire, together with the vouchers for the payment of the same for such last half year; and the word ‘ emolument ’ shall be understood as including all amounts received in connection with the admission of attorneys to *394 practice in the court, or amounts received for services in naturalization proceedings, whether rendered as clerk, as commissioner, or in any other capacity, and all other amounts received for services in any way connected with the clerk’s office, * *
Claimant insists that the act of March 15, 1898 (30 Stat. L., 317), applies only to the fees earned and received as clerks for services rendered in naturalization proceedings, and does not apply to special commissioners in such proceedings. But the fact seems to have been lost sight of by claimant that there is no such office provided by law for a special commissioner in naturalization cases. The statute provides for commissioners of United States courts, whose duties, as well as the fees they may charge, are clearly defined. The absence, therefore, of the word “ special ” as preceding the word “ commissioner ” in the statute does not, as we understand it, imply that the services performed by the clerk in the one instance as commissioner shall be reported as a part of the emoluments of the office, and in the other instance the services performed as a special commissioner of the court for the same character of service shall not be reported. It seems to our minds quite clear that if the word commissioner in the statute is not broad enough to cover a special commissioner, the words of the statute “ or any other capacity ” certainly may be relied upon to cover this class of cases.
This statute plainly requires all clerks of United States courts to render an account of all fees received from the naturalization of citizens, as well as from all other sources/ and it also includes fees of such clerk, whether rendered as clerk, as commissioner, “ or in any other capacity.”
We do not believe, therefore, that the contention of claimant is well founded when he says that the fees claimed in this case were not for the United States, but were rendered in behalf of persons desiring to become naturalized as citizens of'the United States, and that said fees, therefore, were paid by such applicants and should not be charged against the clerk in his emolument returns. The laws of Congress specify the way as well as the fees to be paid by persons *395 desiring to become citizens of the United States. When an applicant for citizenship complies with the requirements of the United States statutes and pays the statutory fees therefor, no additional fee can be added by the order of any court, nor can any clerk, commissioner, or special commissioner be justified in collecting from said applicant any other fees than those provided by law in such cases; and if such fees are collected the officer receiving them must be required to account for the same to the Government of the United States in his emolument returns.
The claimant in this case brings suit against the United States as a clerk of a district court. If he had sued as a special commissioner, upon which his claim is based, his petition would have been demurrable, because no such office as that of “ special commissioner ” is known to or defined by law. If, therefore, claimant held such office by appointment of a United States district judge, as he claims to have held in this case, and collected fees for services rendered under such appointment, it can not be denied, we think, that under section 839 of the Revised Statutes he must report such fees in his emolument returns as clerk of such district court. Such fees were received as an incident of his office as clerk, and therefore became a part of the fees properly embraced within his emolument account, and necessarily are subject to his maximum allowance as clerk; and if his aggregate fees in any year should exceed the maximum fixed by law the excess must be turned into the Treasury of the United States. (Nelson v. The United States, 35 C. Cls. R., 595, 601.)
It is further contended by claimant that although he might be required to make a report or return of fees earned by'him as a special commissioner, yet under the act of Congress of June 28, 1902, he can not be required to pay into the Treasury of the United States the fees collected and received by him as a special commissioner of the court. It seems plain to us that if he is required under section 839 of the Eevised Statutes to make a correct return of all of the fees earned and received by him in the several offices which he held, it necessarily follows that he should be required to pay into the Treasury any surplus of fees over and above the maximum compensation fixed by law for his salary as *396 clerk and the authorized expenses of conducting his office as such clerk. It is apparent, therefore, that the only purpose of the law in requiring all of the earnings of a clerk to be included in his emolument returns was to enable the accounting officers of the United States to determine the amount due to or from said officer, and that he should not be allowed to retain as his fees a larger sum annually than that fixed by the statute, viz, $3,500 per year.
It is also contended by claimant that the act of June 28, 1902, which requires all clerks to make semiannual reports setting forth a correct account of all fees received by them from all sources as clerks, commissioners, “or in any other capacity,” is unconstitutional. We can not agree with such contention, because such prohibition applies only to public business and not to personal or private undertakings. There is no law which prohibits a public officer from engaging in personal'or private business, provided such undertakings are not incompatible with his official duties. Congress has unquestionable right to impose duties upon public officers without compensation for their services. If they are not willing to serve without pay there is no power to compel them to serve; it is therefore optional with them to decline to render service if they so elect. A court, however, can require service from a clerk which he is bound to perform, even if there is no statute prescribing a fee for such service. It was eAÚ-dently the intention of the Congress, therefore, in the act of June 28, 1902, supra, to require all clerks of United States courts to render an account for all fees received by them, for any and every kind of service performed by them in any capacity and in any way connected with their offices.
In the case of The United States v. Hill (120 U. S. R., 175) it was held that inasmuch as certain fees of clerks and commissioners under the act of February 26, 1853 (10 Stat. L., 161), had been allowed, and since it was not clear that such construction was not erroneous, it should not be overturned. Thereupon the Congress evidently passed the act of June 28, 1902, expressly to meet such cases as the one at bar.
The petition is dismissed. Judgment for defendants.