# UNITED STATES *v.* MARVIN.

### APPEAL FROM THE COURT OF CLAIMS.

No. 436.  Submitted January 7, 1909.—Decided February 1, 1909.

The bankruptcy court of the United States is always open for the transaction of business whether the judge be personally present or not; and, under §§ 574, 638, 828, Rev. Stat., and chap. II, § 2, of the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 544, 545, clerks of the United States courts are entitled to the *per diem* compensation for those days on which voluntary petitions in bankruptcy are referred to the referee during the absence of the judge. *United States* v. *Finnell,* 185 U. S. 236, followed; *Owen* v. *United States,* 41 C. Cl. 69; approved.

42 C. Cl. 542, affirmed.

*Mr. Assistant Attorney General John Q. Thompson* and *Mr. Philip M. Ashford, Attorney,* for the United States.

*Mr. Charles C. Lancaster* for appellee.

PER CURIAM: This suit was brought to recover the sum of $535, "for services rendered on behalf of the United States from June, 1900, to April 1, 1906, to wit: For attendance on court while actually in session during the terms, with the judge presiding and judicial business actually transacted in court, as provided by §§ 574, 638 and 828, Rev. Stat., and chapter II, § 2, Bankruptcy Act (30 Stat. L. 545), 107 days at $5.00 per day."

The Court of Claims filed its findings of fact and conclusion of law April 20, 1908, as follows:

*"Findings of fact.*

"I. During the times hereinafter mentioned the claimant,

Edwin E. Marvin, was clerk of the District and Circuit Courts of the United States for the District of Connecticut.

"II. For services on behalf of the United States during the period from July 1, 1900, to April 1, 1906, the claimant made up his supplemental accounts duly verified, and presented the same to the United States court for approval in the presence of the district attorney, and orders approving the same as being just and according to law were entered of record. Said accounts were then presented to the Attorney General and the accounting officers of the Treasury Department for payment, and the payment of the items embraced in Finding III was refused.

"III. 'Said items, the payment of which was so refused, were alleged to be for attendance on court while actually in session during the terms, or when business was transacted in court upon order of the judge, and were for 107 days at $5.00 per day, making $535.

"The business so transacted was the reference by the clerk to the referee of voluntary petitions in bankruptcy filed during the absence of the judge from the district. No written orders were received by the clerk to open the court for the purpose of making said references, or for any other purpose; the judge was not personally present, and no writs, orders or decrees were received from the judge sitting in chambers. The journal made by the claimant does not show that the court was open on any of the days for which *per diems* are claimed. The claimant, after learning of the decision of the Court of Claims in the *Owen case* (41 C. Cls. R. 69), went back in his District Court journal and on the last day of every month over which his account extended interlined the days in such month upon which he had made references, merely stating them as days in which court business in bankruptcy proceedings was transacted.

## *"Conclusion of law.*

"Upon the foregoing findings of fact the court decides, as a conclusion of law, that, under the *Owen case* (41 C. Cls. R. 69),

and the *Finnell case* (185 U. S. 236), the claimant is entitled to a judgment for five hundred and thirty-five dollars ($535)."

And entered judgment without an opinion.    42 Ct. Cls. 542.

The case was brought here by appeal and submitted on printed arguments.

Counsel for appellee referred to a certified copy of the order of court approving the account referred to in Finding II, stating that it was attached to the account of claimant now on file in the Court of Claims. That order contains, among other things, "It is hereby certified that upon each day for which a *per diem* is charged in this account the court was opened for business and court business transacted in bankruptcy matters as stated."

The Government objects on the ground that the order is not set forth in the findings, and moreover that the paragraph is of no effect, "because in the nature of a statement of a conclusion of law."

The various applicable statutory provisions will be found in *United States* v. *Finnell*, 185 U. S. 236, and in *Owen* v. *United States*, 41 Ct. Cls. 69.

We concur with the Court of Claims that the two cases cited govern the disposition of this case, and, accordingly, affirm the judgment.