AtkiNSON, J.,
delivered the opinion of the .court:
This class of cases has been so often disposed of by this ■and the Supreme Court that but little room for contention by the accounting officers of and the attorneys for the Government are left open for controversy. The claim herein is so nearly the case of Marvin v. United States, decided by this court April 20, 1908, and affirmed on appeal by the Supreme Court (212 U. S., 275) that an opinion thereon is by no means essential. But inasmuch as counsel for the United States avers that the cases are not analogous, we ■deem it proper to, prepare an opinion thereon.
The claimant is now, and was at the time of the claim for which he sues, clerk of the United States Circuit and District Courts for the Southern District of West Virginia; at the time or times he rendered his quarterly accounts against the United States for fees as said clerk from July 1, 1903, to December 31, 1908, he made no charge for per diem services in referring bankruptcy cases to referees in bankruptcy ivhen the court was not actually in session. He avers that he did not then know that he was entitled by law to charge such per diem fees for his services as such clerk until the decision of the Marvin case (supra) was rendered by this court, and which decision was affirmed by the Supreme Court; and that after said decision was rendered he filed a supplemental account against the United States, as provided by the act of February 22, 1875 (18 Stats., 334), for per diem fees for such services, which account was not allowed by the accounting officers of the Treasury Department, and therefore he brings this suit to recover said fees.
In his petition he sets out in detail the name of every petitioner in bankruptcy which was referred by him to the referee in bankruptcy as required by the bankruptcy act of *40 July 1, 1908 (30 Stats., 545), and according to the practice which prevailed in his court since the passage of said act-On each of the days for which a per diem fee is charged he opened the bankruptcy order book and entered upon the ■ same the reference, in the judge’s absence, as prescribed by Form No. 15 of the general orders in bankruptcy proceedings, thus certifying to the referee the case for adjudication.
In rendering his supplemental account, after setting out the amount claimed as a per diem for his said services as clerk, he presented the account in each individual case to the district attorney, who approved the same, which approval was presented to the court, and in each case an order was entered of record by the court, as set out in Finding VI.
It is averred by the defendants that the findings do not affirmatively show that the court was opened for business on the days for which per diems are charged, or that the judge certified that it was opened for the transaction of business, or that business was transacted, consequently it justifies the conclusion, or rather the affirmative statement, that such was not the fact. Under the decision of the Supreme Court in Finnell's case (185 U. S., 236),and the decision of this court-in Owen's case (41 C. Cls., 69), it was decided that a bankruptcy court is always open for the transaction of business, under sections 574 and 828, Revised Statutes, and section 2 of the bankruptcy act (30 Stats., 545), and therefore it was not necessary for the clerk to make any entry of the opening' and adjourning of the court on the days for which per diems are herein claimed.
Moreover, the services performed by the claimant were authorized by section 18, paragraphs (/) and (g) of the bankruptcy act, supra, which provides as follows:
“(/) If the judge is absent from the district, or the division of the district in which the petition is pending, on the next day after the last day on which pleadings may be filed, and none have been filed by the bankrupt or any of his creditors, the clerk shall forthwith refer the case to the referee.
“ (g) Upon the filing of a voluntary petition the judge-shall hear the petition and make the adjudication or dismiss-the petition. If the judge is absent from the district, or the *41 division of the district in which the petition is filed, at the time of the filing, the clerk shall forthwith refer the case to the referee.”
The findings show that the services performed by the-claimant under the above provisions of the bankruptcy act were the making and entering of an order of court on the journal referring the petition to the referee, and a copy of said order was attached to the petition in the form prescribed by the Supreme Court in compliance with section 30 of the bankruptcy act.
This form of order shows that while it was made by the clerk it was in legal contemplation the order of the court and had the same force and effect as if made by the judge, if he Avere present on the bench or in the district. This provision of law and the method of procedure in such cases require the-attendance of the clerk on the court which is always open; and the particular services performed were just as much business transacted in the court as though the judge had made the-order in person and directed the clerk to enter and enforce the same. To perform this service, therefore, it was necessary for the clerk to be in attendance upon the court either in person or by deputy, and if neither was in attendance, bankruptcy proceedings would necessarily be suspended and the public inconvenienced, contrary to the expressed requirements of section 2 of the bankruptcy act, which provides that a court in bankruptcy proceedings, as well as in admiralty and equity procedure, shall be deemed always open. (Finnell v. United States, 185 U. S., 236; Butler v. United States, 87 Fed., 635, 655; Owen v. United States, 41 C. Cls., 69; United States v. Marvin, 212 U. S., 275.)
The proceedings of courts in bankruptcy cases are both judicial and clerical, and both are separate and necessary. These proceedings constitute “ business transacted in court,”' and more especially so in a court that is always an open forum on which the clerk is actually and necessarily in attendance, and who is, therefore, legally entitled to a per diem compensation for attendance thereon.
It is further contended by defendants that this claim is defective in this, that it is not shown whether the petitions referred by the clerk to the referee were voluntary or involun *42 tary cases. Section 18 of the bankruptcy act of July 1,1898 (80 Stats., 551), provides for a reference of a voluntary petition by the clerk to the referee in the absence of the judge, and section 19 of the same act defines the method of procedure upon involuntary petitions. In the latter class of cases an issue must be joined, and if demanded by the party alleged to be bankrupt, a trial by jury must be granted by the court. Hence it must be presumed that the references by the clerk to the referee of the petitions for-which fees are charged were necessarily voluntary petitions.
For the reasons we have given we decide that the claimant is entitled to recover a judgment of and from the United States in the sum of $422.23.