AtkiNSON, J.,
delivered the opinion of the court:
The per diems charged herein are new; that,is to say, they do not directly fall within Finnell's case (185 U. S., 236); Owen’s case (41 C. Cls. R., 69), or the case of Marvin v. United States (212 U. S., 275), for the reason that in those cases different statutes were involved. The case at bar depends upon the meaning and intent of sections 6 and 9 of chapter 3592, 34 Statutes, 598, which are in the following language:
“ Section 6. That petitions for naturalization may be made and filed during term or vacation of the court and shall be docketed the same day as filed, but final action thereon shall be had only on stated days, to be fixed by rule of the court, and in no case shall final action be had upon a *530 petition until at least ninety days have elapsed after filing and posting the notice of such petition * *
Section 9 of said act further provides:
“ That every final hearing upon such petition shall be had in open court before a judge or judges thereof, and every final order which may be made upon such petition shall be under the hand of the court and entered in full upon a record kept for that purpose, and upon such final hearing of such petition the applicant and witnesses shall be examined under oath before the court and in the presence of the court.”
This court decided in the Owen and Marvin cases, supra, that in bankruptcy proceedings a district or circuit court of the United States is always open' for the transaction of business, whether a judge is personally present or not, and its decisions thereon were affirmed by the Supreme Court. When a court is in session for the transaction of public business under sections 574, 638, and 4973 of the Revised Statutes it is necessary for the clerk to be in attendance upon it, whether business is actually transacted or whether the court is merely in readiness to transact business; and after a term of court has been opened the questions of how long it shall remain open, to what day it shall be adjourned, and whether and how often it shall be opened are matters which rest wholly within the discretion of the presiding judge.
The Supreme Court in Nix’s case (189 U. S., 206) settled the law that the approval of a clerk’s or commissioner’s account by a district or circuit court under the act of February 22, 1875 (18 Stats., 333), is prima facie evidence of the correctness of the items for which fees are charged, and that it would be an insupportable burden upon the court officers to require them to produce affirmative evidence of every item when their accounts are audited by the Treasury Department.
The per diems claimed in the case before us are not for attendance in court under sections 563, 584, 671, 673, and 2013 of the Revised Statutes, but for attendance upon a court as clerk thereof, under the act of June 29,1906, supra, which in terms provides for the naturalization of aliens who may desire to become citizens of the United States; and, inasmuch as said act, as we construe it, is mandatory upon the *531 clerk of the United States court to receive, file, and enter such application or applications for citizenship immediately upon the receipt thereof, whether the judge is personally present or not, would necessarily entitle such clerk to the per diem fees allowed by law for such specific service. The language of the statute is plain that during a term of court or during a vacation of the court an application for citizenship by an alien shall be docketed the same day it is filed. This language necessarily implies that the clerk of the court „ must open the docket of the court for such purpose, and in doing so he is entitled to the legal per diem fee therefor.
It seems clear that in the act of Congress involved in this case, which was for the purpose of reorganizing the Immigration Bureau of the Government relative to the naturalization of foreign-born subjects, it was intended that all district and circuit courts of the United States should at all times be open for naturalization purposes, and consequently a clerk or a duly authorized deputy clerk must therefore enter an order (whether the presiding judge is present or absent) as to the intentions of said applicant for citizenship. Still, it must be conceded that final action on an application of any alien for American citizenship can not be taken or entered of record unless the district or circuit judge is personally present.
We fail to discover any ambiguity in the language of the statute involved in this case. Furthermore, the district judge certifies that he was personally present when the per diem charges of the clerk were made and entered; and, inasmuch as cases involving the naturalization of aliens, as we construe the law, are placed on an equal footing with bankruptcy proceedings and regular chancery and admiralty business, so far as the receiving and entering of petitions by the court or courts are concerned, there can be no other conclusion than that the fees for which charges are herein made are legal, and should therefore be paid.
Judgment against the United States in favor of the claimant in the sum of $495 is accordingly entered.