Peelle, Cb. J.,
delivered the opinion of the court:
The claim herein is for per diems for entering and docketing petitions in naturalization cases upon the assumption or theory that the court was open as in admiralty, equity, and bankruptcy proceedings. United States v. Marvin (212 U. S., 275); United States v. Finnell (185 U. S., 236); Owen v. United States (41 C. Cls., 69); and Marvin v. United States (45 C. Cls., 528).
Section 6 of the act of June 29,1906 (34 Stat. L., 596, 598), so far as material here reads:
“ That petitions for naturalization may be made and filed during term time or vacation of the court and shall be docketed the same day as filed, but final action thereon shall be had only on stated days, to be fixed by rule of the court, and in no case shall final action be had upon a petition until at least ninety days have elapsed after filing and posting the notice of such petition.”
While the petition avers that the services were rendered by the claimant “ in attendance on court 22 separate and distinct days for the purpose of performing the duties required of him ” under the act, and though the court certifies that upon each day for which the per diems are charged the claimant “ received and entered the petitions of aliens who desire to become citizens of the United States,” there is no evidence showing whether said petitions were, in the language of the act, “ filed during term time or vacation of the court.”
Section 13 of the act referred to provides that for “ receiving and filing a declaration of intention and issuing a duplicate thereof, one dollar“ for making, filing, and docketing the petition of an alien for admission as a citizen of the United States and for the final hearing thereon, two dollars ; and for entering the final order and the issuance of the certificate of citizenship thereunder, if granted, two dollars.” It is therein further provided that of the fees collected the clerk is entitled “ to retain one-half,” and that the remaining one-half is to be accounted for by the clerk in his quarterly accounts to the Bureau of Naturalization and Immigration, to be paid over to said bureau within 30 days from the close *526 of each quarter, to be eventually deposited in the Treasury of the United States.
The defendants’ contention is that the service performed did not require any precedent action of court as in the Fin-nell case; and further that the fees provided for under the ■act are exclusive and forbids the allowance of per diem fees for attendance on the court on the day on which such petition is filed and docketed, if not on the day of final hearing.
There is no provision in the act requiring the court to be kept open for the filing and docketing of naturalization papers, as in equity, admiralty, and bankruptcy proceedings. On the contrary, the act provides that such petitions may be filed and docketed during the vacation of the court as well as in term time, leaving final action thereon to be had on stated days, to be fixed by rule of court, 90 days after the date of the filing and posting of notice of filing such petitions; and in respect of such final hearing section 9 of the act provides:
“ That every final hearing upon such petition shall be had in open court before a judge or judges thereof, and every final order which may be made upon such petition shall be under the hand of the court and entered in full upon a record kept for that purpose, and upon such final hearing of such petition the applicant and witnesses shall be examined under oath before the court and in the presence of the court.”
It can hardly be contended that a clerk would be entitled to a per diem as for attendance on court for filing and docketing such petitions during vacation and then an additional per diem for attendance 90 days later when final hearing is had thereon.
Fees for attendance on court are not based on service rendered in any particular case, but because court is open and it is the duty of the clerk to attend. The fees provided in the act are evidently intended to cover the cost accruing on the filing of such petition, and if upon such final hearing the clerk is entitled to fees for attendance it is not because of any service rendered in such case, but because the court is open and the clerk attends.
In the Marvin case (45 C. Cls., 528) the findings, without any qualifying words, show that the service was “ for *527 attendance upon the court by the clerk, when the judge was certified to be personally present.” True, they do not otherwise show that the court was open, but the finding of the ultimate fact that the service was “ for attendance upon the court ” and that the judge was personally present would clearly imply that the court was open in fact. Therefore, the language of the court, that the naturalization of 'aliens is “ placed on an equal footing with bankruptcy proceedings and regular chancery and admiralty business, so far as the receiving and entering of petitions by the court or courts are concerned,” was not necessary to the decision of the case. That is to say, the attendance upon the court by the clerk when the judge was personally present is treated as though the court was open in fact.
In the present case there is no evidence showing that the filing and docketing of petitions, for which per diems are claimed, were during the “term of the court”; nor is it shown that the petitions were so entered and docketed by order of the judge; nor was such order necessary, as in the Finnell case, as the filing and docketing of the petitions are authorized by section 6 of the act referred to.
In the Finnell case the court recognized the right of a judge, though absent, to direct the clerk to enter such orders, decrees, or other proceedings of the court as he might direct; and as necessary to the entry of such proceedings the clerk had also to make entries opening and adjourning the court. In other words, the order of the judge to make the entries operated to open court for the purpose of giving effect to such orders. But in the absence of some statute or some like order a court can not be considered open for the transaction of business without the presence of the judge. In the present case there was no such statute, and therefore the court can not, in the absence of the judge, be considered as constructively open for the transaction of business.
For the reasons we have given the petition must be dismissed, which is accordingly ordered.
Howry, J., was not present when this case was heard and took no part in its decision.