Atkinson, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
This suit was brought by the plaintiff, who was clerk of the United States Circuit and District Courts for the Southern District of Georgia, for fees and emoluments claimed to have been earned by him in the Circuit Court prior to January 1, 1912, and in the District Court to June 3.0, 1912, aggregating the sum of $1,151.11, which were disallowed by the Auditor for the Treasury Department. Appeal thereon was taken to the Comptroller of the Treasury, who sustained the action of the auditor. Hence this suit.
The court decides that items 1 (a) and 1 (b) of the petition and set out in Finding III can not be allowed for the reason that they were not authorized by the Attorney General. The regulations of the Department of Justice specifically state that clerks of courts can not employ, at the expense of the United States, assistants in their offices without permission from the Attorney General. Under date of January 12, 1912, department authority was given the plaintiff to employ six deputies, whose salaries aggregated $7,500, which must be paid out of the emoluments of the clerk; that is to say, the fees of the clerk must aggregate at least that amount in excess of his maximum salary allowed by law before payments can be made to the deputies. No authority having been given for the employment of additional clerical assistance set out in item 1, allowance can not be granted therefor. All the salaries properly authorized by the Department of Justice were duly allowed and paid.
Under no construction of law or precedent can the $95 claimed in item 2 of the petition be allowed. This claim is classed by plaintiff as special fees for services rendered by plaintiff’s deputies in disbursing composition funds which were paid to them directly and not to the clerk. This item plaintiff did not report in his emolument return, but which was afterwards discovered had been paid to and received by his deputies for services which they were ordered to render “in their official capacity as deputy clerks.” The amount was accordingly charged to the clerk in the settlement of his emolument account, which was the proper and legal course to pursue. The act of March 15,1898, 30 Stat. L., 317, plainly *128 requires all clerks of United States courts to render an account of all fees received by them from any and all sources in the discharge of their official .duties. Alexander v. United States, 43 C. Cls., 389.
Allowance under item 3 would be entered for 16 days at $5 per day for plaintiff’s attendance at court in receiving and referring petitions to referees in voluntary bankruptcy cases, if it were not for the fact that the records of the Treasury Department show that plaintiff had received his maximum salary allowed by law for the period covered by this claim. Owen v. United States, 41 C. Cls., 69; United States v. Marvin, 212 U. S., 275. No allowance can be made for the 18 per diems included in said item for the reason that the petitions presented were in involuntary bankruptcy cases, which usually require the personal presence of the judge.
When an involuntary petition in bankruptcy is filed in the clerk’s office, there must be entered upon the record book of the court an order to show cause, as required by the general orders of bankruptcy, for the entry of which no per diem can be charged or allowed, and on that date there is issued out of the clerk’s office a subpoena to the bankrupt returnable within 15 days. Upon the return of the subpoena properly executed, if no appearance has been entered or answer filed by the alleged bankrupt, and the judge of the court is within the district, the papers are immediately placed in his hands, and if the petition is in proper form he indorses for entry an order of adjudication and the same is entered of record in open court and referred to the referee in bankruptcy, and on the date upon which this order is entered the clerk is entitled to his per diem. If upon the return day of the subpoena the judge is absent from the district and no pleadings have been filed by the bankrupt denying bankruptcy, then an'order of reference in the absence of the judge is entered of record and the case is sent to the referee for his consideration, for the entry of which order of reference the clerk is entitled to his per diem the same as in voluntary cases. Upon receipt of these involuntary cases by the referee, if the same are in proper form and contain the proper allegations, the judge still being absent from the district, the referee enters an order of ad *129 judication, a certified copy of wbicb is transmitted by the referee to the clerk’s office, and the clerk records the same in the order book of the court, he is allowed to charge a per diem fee for performing this service.
There is no evidence in this record to show that the judge was within the district, or outside of it for that matter, for the 18 per diems claimed by the clerk herein; nor does it appear that notice was served upon the bankrupt as required by the statute, 30 Stat. L., 551. The mere statement is made in the account that for said 18 days a per diem was charged for referring involuntary bankruptcy cases to referees. Usually in such cases an issue must be joined, and the party alleged to be bankrupt is entitled to a trial by jury if so demanded by him, which can not be done in the absence of the judge.
Allowance is made to plaintiff on item 4 of the petition, which is fully set forth in Finding IY, but the same is reduced by all the defendant’s counterclaim mentioned therein.
All of the other items of the petition were withdrawn.
Judgment will be entered for the plaintiff against the United States for the sum of $75.86 in- accordance with the conclusion of law.
It is so ordered.